IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02708-PAB-MEH

LOWELL HEIZER,
ERICA HEIZER,
SCHNEIDER NATIONAL CARRIERS, INC., a Nevada Corporation, and
GREAT WEST CASUALTY COMPANY, INC., a Nebraska Corporation,

    Plaintiffs,

v.

KENNON DECKER and
PAM DECKER,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Motion for Relief From and Reconsideration of Final Judgment and to Alter or Amend Judgment [Docket No. 39] filed by plaintiffs.

On April 7, 2017, the Court ordered plaintiffs to show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction. Docket No. 35. Specifically, the Court noted two categories of defects in the jurisdictional allegations of the complaint: plaintiffs failed to allege domicile, as opposed to residency, for the individual plaintiffs and defendants; and plaintiffs failed to allege the principal places of business for the corporate plaintiffs. *Id.* at 2-3. On April 12, 2017, plaintiffs filed a response to the order to show cause. Docket No. 36. The Court found that plaintiffs' response to the order to show cause failed to show the domicile of the individual

plaintiffs or defendants.  Docket No. 37 at 2-3.  Accordingly, plaintiffs did not meet their burden, as the party invoking federal jurisdiction, of establishing such jurisdiction "as a threshold matter," *see Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004), and the Court dismissed the case without prejudice for lack of subject matter jurisdiction.  Docket No. 37.  On April 18, 2017, the clerk entered final judgment.  Docket No. 38.

On May 11, 2017, plaintiffs filed the instant motion pursuant to Federal Rules of Civil Procedure 59 and 60, requesting that the Court vacate its order dismissing the case.  Docket No. 39.  Plaintiffs state that they incorrectly believed the evidence they submitted in response to the order to show cause established the diversity of the parties.  *Id.* at 3, ¶ 9.  In support of their motion for reconsideration, plaintiffs have now submitted affidavits demonstrating the domicile of the individual plaintiffs and defendants.  *See* Docket Nos. 39-2, 39-3.  Plaintiffs assert that, in light of these affidavits, jurisdiction is proper under 28 U.S.C. § 1332(a)(1) and that allowing defendants to bring this suit in the United States District Court for the District of Colorado would result in judicial economy.  Docket No. 39 at 4-5, ¶ 11-12.

A Rule 59 motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).  In this case, the final judgment entered on April 18, 2017, and plaintiffs filed their motion for reconsideration on May 11, 2017.  Accordingly, plaintiffs' motion is timely under Rule 59.  In order to succeed on a motion brought pursuant to Rule 59, a party must show either "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the*

2

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The rule does not, however, provide a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not. *Id*. The decision to grant or deny a Rule 59 motion is committed to the Court's discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

A party may also seek relief from a final order or judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1). The rule "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (emphasis in original). A motion pursuant to Rule 60(b)(1) must be filed "within a reasonable time . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

A party is entitled to relief from judgment under Rule 60(b)(1) where "a party has made an excusable litigation mistake." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Relief on the basis of mistake is not appropriate where "the mistake was the result of a deliberate and counseled decision by the party" or where a party "simply misunderstands the legal consequences of his deliberate acts." *Id*. at 577. Nor does Rule 60(b)(1) "allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Id*. Instead, a party may use the rule to obtain relief from "litigation mistakes that a party could not

3

have protected against, such as the party's counsel acting without authority of the party to that party's detriment." *Id*.

Plaintiffs enumerate the materials they submitted in response to the order to show cause and state that they "incorrectly thought" those materials demonstrated defendants' domicile. Docket No. 39 at 3, ¶ 9. In its order to show cause, the Court informed defendants that "domicile, not residency, is determinative of citizenship." Docket No. 35 at 2 (citing *Kramer v. Sears Roebuck & Co.*, 1997 WL 141175, *3 (10th Cir. Mar. 28, 1997) (unpublished)). Despite this advisement, plaintiffs submitted no evidence showing defendants' domicile and once again alleged individual plaintiffs' residency. *See* Docket No. 37 at 2-3 (discussing the defects). Plaintiffs have now submitted affidavits from the individual plaintiffs and defendants specifically alleging domicile, but do not explain why they did not submit these affidavits in support of their response to the order to show cause. *See* Docket No. 39. In sum, plaintiffs do not show that the evidence of defendants' domicile was "previously unavailable" or that the failure to obtain this evidence sooner was a litigation mistake that they could not have protected against. *See Servants of the Paraclete*, 204 F.3d at 1012; *Cashner*, 98 F.3d at 576.

Thus, plaintiffs have not established that they are entitled to relief under either Rule 59 or Rule 60(b). Wherefore, it is

**ORDERED** that the Motion for Relief From and Reconsideration of Final Judgment and to Alter or Amend Judgment [Docket No. 39] filed by plaintiffs is DENIED.

DATED May 19, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge